IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| IN RE: OLYMPIA Y. HOWELL **Debtor(s)** | ) ) ) | CHAPTER 13 |
| CREDIT ACCEPTANCE CORPORATION **Moving Party** | ) ) ) ) | CASE NO. 20-11702 (ELF) |
| v. | ) ) | HEARING DATE: **1-4-22 at 9:30 AM** |
| OLYMPIA Y. HOWELL **Respondent(s)** | ) ) ) | 11 U.S.C. 362 |
| KENNETH E. WEST **Trustee** | ) ) ) ) | |

### STIPULATION OF SETTLEMENT OF MOTION OF CREDIT ACCEPTANCE CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY

This matter having been brought before the Court on a Motion For Relief From Automatic Stay by William E. Craig, Esquire, attorney for Credit Acceptance Corporation ("Credit Acceptance"), and the Debtor having opposed such Motion through her counsel, Brad J. Sadek, Esquire, and the parties having resolved said Motion as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

1. That Credit Acceptance is the holder of a first purchase money security interest in a 2019 Mitsubishi Outlander bearing vehicle identification number JA4AP3AU7KU029634.

2. That the parties stipulate that the Debtor's account with Credit Acceptance has arrears through December 2021 in the amount of $3,701.16; that with the addition of counsel fees and costs for the instant Motion in the amount of $538.00, the total amount to be cured is $4,239.16.

3. That the Debtor is to cure the arrearage set forth in paragraph two (2) above by making her regular monthly payment of $616.86 plus an additional $706.53 (total payment of $1,323.39) per month for the months of January through June 2022 directly to Credit Acceptance.

4. That commencing January 2022, if the Debtor fails to make any payment to Credit Acceptance within thirty (30) days after it falls due, Credit Acceptance may

send, via facsimile and regular mail, the Debtors and counsel a written notice of default of this Stipulation.  If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

5. That Credit Acceptance shall only be required to send one (1) 10-day notice of default per paragraph four (4) above.  For any subsequent default, Credit Acceptance may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.  The Debtor may only oppose said Certification Of Default on the basis that payments were made prior to the Certification being filed, and by attaching as an exhibit proof of said payments made.

6. That the Debtor must maintain insurance on the vehicle.  The vehicle must have full comprehensive and collision coverage with deductibles not exceeding $500.00 each.  Credit Acceptance Corporation must be listed as loss payee.  If the Debtor fails to maintain valid insurance, Credit Acceptance may send, via facsimile and regular mail, the Debtors and counsel a written notice of default of this Stipulation.  If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

7. That the parties agree that a facsimile signature shall be considered an original signature.

We hereby agree to the form and entry of this Order:

/s/ Brad J. Sadek
Brad J. Sadek, Esquire
Attorney for the Debtor


/s/ William E. Craig
William E. Craig, Esquire
Attorney for Credit Acceptance Corporation