## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In re: | : Bankruptcy Case No. 20-11702-elf |
|  | : |
| Olympia Y Howell | : Chapter 13 |
| Debtor | : |
|  | : Judge: Eric L. Frank |
| U.S. Bank National Association not in its | : |
| individual capacity but solely as Legal Title | : |
| Trustee for RMTP Trust, Series 2021 BKM-TT-V | : |
| Creditor | : |
| Vs. | : |
|  | : |
| Olympia Y Howell | : |
| Kenneth E. West, Trustee | : |
| Respondents | : |

### SETTLEMENT STIPULATION

WHEREAS, on March 19, 2020, Olympia Y. Howell (the "Debtor") filed a Petition under

Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District

of Pennsylvania;

WHEREAS, on November 23, 2021, U.S. Bank National Association not in its individual

capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V (the "Movant")

filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. Section 362(a) (the

"Motion") regarding the Property located at 425 Unruh Avenue, Philadelphia, PA 19111 (the

"Property");

WHEREAS, Movant and Debtor are desirous of settling the dispute among and between

themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to

be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among

counsel for Movant, by and through its attorneys, Friedman Vartolo, LLP, and Debtor, by and through his/her counsel, Brad J. Sadek, Esquire, as follows:

    1.    The parties hereby certify that the post-petition arrearage is $8,607.76, consisting of the following:

| | |
|---|---|
| Post-Petition Payments: | $8,149.61 – 9/1/2021 through 3/1/2022 at $1,164.23 per month |
| Motion Fees/Costs: | $1,238.00 |
| Suspense Balance: | ($779.85) |
| **Total Post-Petition Arrears: $8,607.76** | |

    2.    Within twenty (20) days of the approval of this Stipulation, Debtor shall file an Amended Plan providing for the post-petition arrears of $8,607.76 as set forth in Paragraph 1.

    3.    Upon the filing of the Amended Plan, Creditor shall file an Amended Claim providing for the post-petition arrears of $8,607.76 as set forth in Paragraph 1.

    4.    Commencing on April 1, 2022, Debtor shall resume making regular monthly post-petition mortgage payments in the amount of $1,164.23.

    5.    Should Debtor fail to comply with any of the terms of this Stipulation, including but not limited to failure to make the above described payments, or any regular monthly mortgage payment commencing after the cure of the post-petition arrearage, then Movant may send Debtor and counsel for Debtor a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of said notice, counsel for Movant may file a Certification of Default with the Court. Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default. Upon Certification, the Court shall enter an Order granting relief from the automatic stay as to the Property.

    6.    In the event that Debtor converts his/her case to Chapter 11, the terms of this Stipulation shall remain in full force and effect. In the event that Debtor converts his/her case to Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the

date of conversion. Failure to cure the arrears shall constitute an event of default under this

Stipulation and Movant may send a notice of default and certify default as set forth in the preceding

paragraph.

7.      If the instant bankruptcy is dismissed, this Stipulation shall be void and shall not be

binding upon the parties.

8.      Attorney fees and costs for issuing a notice to cure, notice/certificate/affidavit of

default, and order for relief are recoverable and may be added to the arrearage.

9.      The provisions of this Stipulation do not constitute a waiver by Movant of its right

to seek reimbursement of any amount(s) not included in the instant Stipulation, including fees and

costs, due under the terms of the mortgage and applicable law.

10.      Counsel for Debtor has authority to settle this matter on behalf of his/her client(s).


Date:   March 31, 2022                    /s/ Lauren M. Moyer
                                          Lauren M. Moyer, Esquire
                                          Friedman Vartolo, LLP
                                          *Counsel for Creditor*

Date: 3/29/22

                                          Brad J. Sadek, Esquire
                                          *Counsel for Debtor*


Date:   April 1, 2022                     /s/ LeRoy W. Etheridge

                                          Kenneth E. West    * no objection to its terms, without prejudice to
                                          *Chapter 13 Trustee*  any of our rights and remedies